## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Civil Action No.: |
| Plaintiff, | |
| vs. | Judge: |
| FORINVEST GROUP A/K/A FORINVESTS GROUP LLC | |
| Defendant. | |

## COMPLAINT FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF

Plaintiff, U.S. Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

### I.     SUMMARY

1.     On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank") and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), with respect to off-exchange foreign currency ("forex") transactions.  Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act (the "Act"), as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-eligible contract participant ("ECP") in connection with forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant. Pursuant to CFTC Regulation ("Regulations") 5.3(a)(6)(i), to be codified at 17 C.F.R.

§ 5.3(a)(6)(i), in connection with forex transactions, all RFEDs must be registered with the CFTC as of October 18, 2010.

2.      Beginning on October 18, 2010 and continuing to the present (the "relevant period"), ForInvest Group, a/k/a ForInvests Group LLC (collectively, "ForInvest") while acting as an RFED, solicited orders from non-ECPs in connection with forex transactions without registering with the CFTC, in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

3.      By virtue of this conduct and the further conduct described herein, ForInvest has engaged, is engaging, or is about to engage in acts and practices in violation of the Act, as amended by the CRA, and the CFTC Regulations.

4.      Accordingly, pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2), the Commission brings this action to enjoin ForInvest's unlawful acts and practices, to compel its compliance with the Act as amended by the CRA and CFTC Regulations, and to further enjoin ForInvest from engaging in certain commodity or forex-related activity, including, through its websites, soliciting customers or offering to be the counterparty to customers' forex transactions, without appropriate registration with the Commission.

5.      In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

6.     Unless restrained and enjoined by this Court, ForInvest likely will continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II.    JURISDICTION AND VENUE

7.     Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8.     The Court has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

9.     Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), because ForInvest transact business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

## III.    PARTIES

10.     Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged with the administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq.*, and the Regulations thereunder, 17 C.F.R. §§ 1.1 *et seq.*

11.     Upon information and belief, Defendant **ForInvest Group** a/k/a **ForInvests Group LLC** is a U.S. business entity incorporated under the laws of the state of Delaware. Its registered agent address is: The Company Corporation, 2711 Centerville Road, Suite 400,

Wilmington, Delaware, 19808. ForInvest has never been registered with the Commission in any capacity.

## IV.   STATUTORY BACKGROUND

12.     For the purposes of trading forex, a "retail foreign exchange dealer" is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II). These exceptions pertain to certain financial institutions, brokers and dealers registered under the Securities Exchange Act and associated persons thereof, futures commission merchants and affiliated persons thereof, financial holding companies, and RFEDs registered with the Commission, and do not apply to ForInvest.

13.     An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

## V.   FACTS

14.     On October 18, 2010, the Commission enacted new regulations implementing certain provisions of Dodd-Frank and the CRA. For the purposes of forex transactions, the new regulations, among other things, require RFEDs to register with the CFTC.

15.     Through its websites, www.forinvest.net and www.forinvests.net (collectively, "websites"), ForInvest solicits clients who are not ECPs globally, including those in the United States, to open leveraged forex trading accounts at ForInvest.

16.     ForInvest describes itself on its websites as "a leading provider of specialized Forex services, serving clients with full range of investments services...."

17.     ForInvest additionally describes itself on its websites as "a leading Financial Brokerage firm [that] provides direct access to the World's Financial Markets, acting as a principal broker in a wide range of financial instruments, Authorized and Regulated by the Federal Department of Finance in compliance with AML regulations." Upon information and belief, the referenced Federal Department of Finance, as implied, is a Swiss regulatory agency headquartered in Bern, Switzerland.

18.     The websites further state, "Through our advanced online trading platform, 'ForInvest Trader,' Clients have access to Foreign Exchange Markets (Forex) covering major world currencies, Stock Indices, Stocks on Margin as well as Precious Metals, Futures (OTC) and Commodities."

19.     In both its standard online individual and joint customer agreements ("Customer Agreements"), ForInvest states that it "...agrees to maintain for the undersigned Customer one or more accounts and to act as principal for the Customer for the execution and clearance of orders for transactions involving the purchase and sale of commodity interests including but not limited to; Foreign Exchange transactions (Forex); Precious Metals; Commodities; Indices; Contracts For Differences (CFDs); Derivatives; any other Financial Instruments available in the International Financial Markets, any other Foreign currency-denominated Financial Instruments and any other Financial Transactions, collectively referred to as 'Commodity Contracts'...."

20.     ForInvest further states in its Customer Agreements, "Commodity Contracts bought or sold will be transactions between Customer as principal and FORINVEST as principal."

21.     Thus, ForInvest acts as a counterparty to its customers' forex transactions.

22.     Neither the websites nor the Customer Agreements inform potential customers that U.S. customers may not trade with ForInvest. To the contrary, they imply that U.S. customers may trade with ForInvest, by among other things, referencing account payment methods, deposit amounts, income and personal net worth in U.S. dollars.

23.     In addition, ForInvest's websites list ForInvest Group's contact address as "27 Centerville Road, Wilmington, USA," with the implication that ForInvest is located in the State of Delaware, since its Customer Agreement includes a choice of law provision stating that Delaware law governs such agreements and similarly provides the following attestation above ForInvest's signature block: "FOR AND ON BEHALF OF FORINVEST GROUP, DULY SIGNED IN DELAWARE, UNITED STATES." However, 27 Centerville Road, Wilmington, Delaware is a fictitious address that is not recognized by the U.S. Postal Service for mail delivery.

24.     In addition, ForInvest's registered agent address is: The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

25.     ForInvest's websites also list U.S. phone numbers as the only contact numbers for the company. The websites list ForInvest's phone number as +1-214-889-3372, which is an area code and phone number assigned to the Dallas, Texas metropolitan area, and its facsimile number as +1-208-474-3372, which is an area code and fax number assigned to the state of Idaho.

26.     On information and belief, the forex transactions ForInvest engages in neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with

their lines of business. Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

27.     Thus, ForInvest acts as an RFED and solicits non-ECPs to trade forex at ForInvest.

28.     As of the date of filing this complaint, ForInvest has not registered as an RFED with the CFTC.

29.     Furthermore, ForInvest is not exempt from registration by virtue of meeting any of the descriptions in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act.

## VI.     VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT ONE:
### VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(aa) OF THE ACT, AS AMENDED BY THE CRA
### FAILURE TO REGISTER

30.     Paragraphs 1 through 29 are realleged and incorporated herein.

31.     During the relevant period, ForInvest solicited or accepted orders from non-ECPs in connection with forex transactions as an RFED. ForInvest engaged in this conduct without being registered as an RFED, as required by Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), all in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

32.     Each day that ForInvest engaged in this conduct since October 18, 2010 is alleged as a separate and distinct violation of Section 2(c)2(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

## COUNT TWO:
## VIOLATION OF REGULATION 5.3(a)(6)(i)
## FAILURE TO REGISTER AS A RETAIL FOREIGN EXCHANGE DEALER

33.     Paragraphs 1 through 32 are realleged and incorporated herein.

34.     During the relevant period, ForInvest acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), yet failed to register as an RFED with the CFTC, in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

35.     Each day that ForInvest failed to register as an RFED since October 18, 2010 is alleged as a separate and distinct violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

## VII.     RELIEF REQUESTED

WHEREFORE, the CFTC respectfully requests that this Court, as authorized by Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

A.     An order finding that ForInvest violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

B.     An order finding that ForInvest violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

C.     An order of permanent injunction prohibiting ForInvest, and any other person or entity associated with it, from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

D.    An order of permanent injunction prohibiting ForInvest, and any other person or entity associated with it, from engaging in conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

E.    An order of permanent injunction prohibiting ForInvest, and any other person or entity associated with it or its websites, from operating its websites while in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

F.    An order of permanent injunction prohibiting ForInvest and any successor thereof, from, directly or indirectly:

    1)    Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 1a);

    2)    Entering into any transactions involving futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for its own personal account or for any account in which it has a direct or indirect interest;

    3)    Having any futures, options on commodity futures, commodity options, and/or forex contracts traded on its behalf;

4)    Controlling or directing the trading for or on behalf of any other person or

entity, whether by power of attorney or otherwise, in any account involving

futures, options on commodity futures, commodity options, and/or forex

contracts;

5)    Soliciting, receiving, or accepting any funds from any person for the

purpose of purchasing or selling any futures, options, commodity options, and/or

forex contracts;

6)    Applying for registration or claiming exemption from registration with the

CFTC in any capacity, and engaging in any activity requiring such registration or

exemption from registration with the CFTC except as provided for in Regulation

4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

7)    Acting as a principal (as that term is defined in Regulation 3.1(a), 17

C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person

registered, exempted from registration or required to be registered with the CFTC

except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

G.    Enter an order requiring Defendant, as well as any successors to them, to disgorge

to any officer appointed or directed by the Court all benefits received including, but not

limited to, salaries, commissions, loans, fees, revenues, and trading profits derived,

directly or indirectly, from acts or practices that constitute violations of the Act, as

amended by the CRA, and the Regulations, including pre and post-judgment interest;

H.    Enter an order directing Defendant and any successors thereof, to rescind,

pursuant to such procedures as the Court may order, all contracts and agreements,

whether implied or express, entered into between them and any of the customers whose

funds were received by them as a result of the acts and practices, which constituted violations of the Act, as amended by the CRA, and the Regulations as described herein;

I.      Enter an order requiring Defendant to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of not more than the higher of: (1) triple the monetary gain to Defendant for each violation of the Act, as amended by the CRA, and the Regulations; or (2) $140,000 for each violation committed on or after October 23, 2008;

J.      Enter an order requiring Defendant to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

K.      Enter an Order providing such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Respectfully submitted,

Date: January 26, 2011

/s/ Barry R. Blankfield
One of the Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60661
Telephone: (312) 596-0525
bblankfield@cftc.gov
IL ARDC No. 6203785

/s/ William P. Janulis
Senior Trial Attorney
Telephone: (312) 596-0545
wjanulis@cftc.gov
IL ARDC No. 1326449

/s/ Rosemary Hollinger
Regional Counsel
Telephone: (312) 596-0520
rhollinger@cftc.gov
IL ARDC No. 03123647